UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97-cr-340-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ARNOLD LORENZO PAIGE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Arnold Lorenzo Paige's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 60). The Government has filed a response in opposition. (Doc. No. 63). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.  **Background**

In November of 1997, Defendant robbed a post office, wielding a loaded revolver and threatening to shoot and kill employees while holding the revolver to their heads. (Doc. No. 44 ¶¶ 6–9). Defendant also tied up a customer and stole his keys, while asking him what kind of car he drove. (Id. ¶ 10). A federal grand jury indicted Defendant and charged him with assaulting with a deadly weapon United States postal clerks, 18 U.S.C. § 111; two counts of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); two counts of stealing postal money orders, one count involving the use of a dangerous weapon, 18 U.S.C. § 2114; two counts of possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and presenting a fraudulent money order for payment, 18 U.S.C. § 500. (Doc. No. 13). The United States notified this Court that Defendant qualified as an armed career criminal based on his prior common-law robbery,

1

kidnapping, and assault convictions. (Doc. No. 17). The United States also notified this Court that Defendant was subject to a sentence of mandatory life in prison under 18 U.S.C. § 3559. (Doc. No. 16). Before trial, the United States dismissed one felon-in-possession charge and the charge that Defendant had presented a fraudulent money order for payment. (Doc. No. 44 ¶¶ 1–2, 4). In August of 1998, a jury convicted Defendant of all remaining counts. (Id. ¶ 4).

This Court's probation office submitted a presentence report and found that Defendant qualified as both a career offender, U.S.S.G. § 4B1.1, and an armed career criminal, id. § 4B1.4. (Doc. No. 44 ¶ 41). Defendant's total offense level was 37 and, although Defendant received 8 criminal-history points, his criminal-history category was increased to VI because he was a career offender. (Id. ¶¶ 47, 54). The probation office concluded that, based on a total offense level of 37 and a criminal-history category of VI, the Sentencing Guidelines called for a sentence of between 360 months and life in prison. (Id. ¶ 77). The probation officer found that Defendant faced mandatory life in prison for his deadly-weapon offenses and consecutive five-year sentences, to be served concurrently, for his § 924(c) firearm offenses. (Id.).

This Court adopted the presentence report and sentenced Defendant to life in prison for the deadly-weapon and felon-in-possession offenses and to 120 months in prison for stealing money orders, to run concurrently. (Doc. No. 36 at 2). This Court sentenced Defendant to consecutive terms of five years him prison for his § 924(c) offenses, to run concurrently with each other. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The

2

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines §

3

1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

III. Analysis

Defendant is not eligible for a reduction in his sentence. The probation office did not assess him points because he committed his offense while under a criminal-justice sentence, as required for eligibility under Part A of Amendment 821. And Defendant was assessed more than zero criminal-history points. Even if either of these circumstances were different, it would not matter because Defendant's criminal-history category of VI was determined by his status as a

4

career offender, not by the assessment of particular criminal-history points. Because Defendant has not shown that he is eligible for a sentence reduction, the Court will deny his motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 60) is **DENIED**.

Signed: January 27, 2025

Max O. Cogburn Jr
United States District Judge